IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

I.S., a minor, by his mother and next friend, Tami Solondz;

    Plaintiff;

v.

ASPEN SCHOOL DISTRICT

    Defendant.

## COMPLAINT WITH JURY DEMAND

Plaintiff, I.S., a minor, by his mother and next friend Tami Solondz, by and through their attorneys of Kishinevsky & Raykin, Attorneys at Law, respectfully allege for their Complaint and Jury Demand as follows:

### JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to Section 504 of the Rehabilitation Act of 1973 -- 29 U.S.C. § 794 and Title IX of the Education Amendments of 1972 -- 42 U.S.C. § 1681-1688.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  All events alleged in this Complaint occurred within the State of Colorado.

### PARTIES

3. At all times relevant to this suit, Plaintiff I.S., by his mother and next friend Tami Solondz, was a resident of the State of Colorado.

1

4. Defendant Aspen School District is a school district organized under the laws of the state of Colorado and located in Pitkin County, Colorado.

## GENERAL ALLEGATIONS

5. I.S. is a minor student in the Aspen School District ("District" or "Defendant").

6. During the 2018-2019 school year, I.S. began to exhibit signs that he needed reasonable accommodations to access the District's educational program. In the spring semester of the 2018-2019 school year, I.S. began to spend time in the Academic Support program to learn to strategize with interacting with other students who treated him unkindly and to learn and develop executive functioning skills such as keeping track of assignments and completing homework on time.

7. During his time as a student at Aspen Middle School, I.S. experienced a pattern of bullying, including during the 2018-2019 school year.

8. During the 2018-2019 school year, the bullying was so severe that I.S. had to switch classes because his teacher could not control the bullying.

9. In March 2019, I.S. was attacked and beaten in the hallway.

10. On September 17, 2019, I.S. was in a student group when the teacher stepped out of the room. While the teacher was out of the room, I.S., who is male, was attacked from behind by a female student, who choked I.S. and strangled him for over 10 seconds. This female student had a history of misbehavior and should not have been left alone with other students without adult supervision.

11. Despite the severity of the attack on I.S., the District took no action to discipline, suspend, or expel his attacker.

12. The District allowed I.S.'s attacker to continue to attend school and in the same class with I.S.  It took seven school days for the District to even request an apology from the attacker.

13. On information and belief, the District does not treat male students who engage in the same type of physical violence on school grounds against a female student with the same leniency as they treated I.S.'s female attacker.

14. On information and belief, a male student who engaged in the same type of physical violence against a female student on school grounds would receive substantially more discipline than I.S.'s attacker – a female student who attacked a male student on school grounds – received.

15. Following the attack, I.S.'s mental and physical health deteriorated sharply.

16. During the fall semester of the 2019-2020 school year, following the September 17 attack, I.S. began experiencing physical and mental symptoms that required numerous medical appointments.

17. I.S.'s physical and mental symptoms and related medical appointments resulted in I.S.'s attendance dropping sharply.

18. I.S. suffers from violent nightmares, body aches, pain in his arms and legs, fatigue, and anxiety.

19. I.S. is now too scared to go to school.  I.S. feels that the Aspen Middle School is unsafe, dangerous, and threatening.

20. I.S. was diagnosed with a pain disorder, PTSD, generalized anxiety disorder, and generalized depressive disorder resulting from the trauma of the September 17 attack and the beating he suffered in the hallway in March 2019.

21. These disabilities substantially impair several major life functions.

22. I.S.'s disabilities have negatively impacted him in several ways.  I.S.'s disabilities have impaired his ability to learn; prevented him from attending school; impaired his ability to regulate his emotions; and caused him persistent, chronic physical pain.

23. I.S.'s physical and mental health issues and his related medical appointments and resulting inability to consistently attend school led to a noticeable decline in I.S.'s academic performance.

24. The District knew of I.S.'s physical and mental and emotional health symptoms and knew that his symptoms prevented him from accessing his education and were responsible for his academic struggles.

25. The District failed to provide I.S. equal access to its educational programs by failing to provide I.S. with reasonable accommodations for his disabilities.

26. The District had an obligation to evaluate I.S. for a 504-plan when I.S.'s mental health and physical health issues led to his noticeable academic decline and significant attendance issues.

27. By failing to evaluate I.S. for a 504-plan and by failing to provide I.S. with reasonable accommodations, the District denied I.S. access to its educational programs on the basis of his disabilities.

28. In fact, when I.S.'s mother initially asked about a 504-plan, the District refused to initiate the evaluation process.  When I.S.'s mother asked about a 504-plan and accommodations for I.S., Aspen Middle School Assistant Principal Jayson Thomas ("Mr. Thomas") threatened to disenroll I.S. and required I.S.'s mother to present a letter from I.S.'s doctor.  When I.S.'s mother complied with that request, Mr. Thomas rejected the letter as

inadequate and required yet another letter. The second letter I.S.'s mother provided was deemed satisfactory.

29. Despite I.S.'s declining academic performance and deteriorating physical and mental health, the District did not evaluate and prepare a 504-plan with reasonable accommodations designed to provide I.S. equal access to its educational programs until January 2020.

30. In January 2020, the District determined that I.S. was a child with a disability pursuant to Section 504 of the Rehabilitation Act of 1973 and developed a 504-plan designed to provide I.S. reasonable accommodations.

31. Despite this determination that I.S. was a child with a disability and required reasonable accommodations to ensure equal access to the educational programs, the District failed to provide I.S. the reasonable accommodations identified in the 504-plan.

32. From the September 17, 2019 attack and afterwards through the spring 2020 semester, the District failed to provide I.S. equal access to its educational programs by failing to provide I.S. reasonable accommodations.

33. In May 2020, I.S. was the victim of severe, violent death threats communicated in a chain of text messages.

34. The District failed to adequately discipline the female student and other students making violent threats against I.S. In fact the District did not subject the female student making the violent threats against I.S. to any discipline at all, not even a requirement that she apologize.

35. On information and belief, like its response to the September 17 attack, in response to these death threats, the District did not discipline the female student threatening a male

student as harshly or as swiftly as it would discipline a male student making similar violent threats to a female student.

36. I.S.'s academic performance was already in decline because of the District's failure to provide I.S. with reasonable accommodations for his disabilities.  Following the District's discriminatory failure to respond to the violent death threats received by I.S. in May 2020, I.S.'s academic performance and mental and emotional health continued to deteriorate.  I.S. failed the sixth grade as a result.

37. The District's discriminatory failure to respond adequately to both the September 17, 2019 attack and the violent death threats of May 2020 demonstrated the District's inability to keep I.S. safe.

38. As a result of the District's inability to keep I.S. safe – due to its discriminatory response to the violent incidents of September 2019 and May 2020 – I.S.'s mother removed I.S. from Aspen Middle School and the District.

39. I.S. is now attending a private boarding school.

## CLAIMS

## FIRST CLAIM FOR RELIEF – Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 7894 – Against Aspen School District

40. Plaintiff realleges all other paragraphs as if fully set forth herein.

41. Plaintiff is a student with a disability as defined by Section 504.

42. Plaintiff was diagnosed with PTSD, a pain disorder, and other emotional disorders.

43. Plaintiff's disabilities impaired major life functions.  The effects of Plaintiff's disabilities include but are not limited to preventing him attending school, impairing his ability to

learn, impairing his ability to regulate his emotions, and causing him persistent, chronic physical pain.

44. The District was aware of these physical and mental/emotional symptoms following the September 17, 2019 attack on I.S.

45. The District failed to provide I.S. with reasonable accommodations that would allow him equal access to the District's educational programs.

46. By failing to identify I.S. as a student with a disability and failing to evaluate him for a 504-plan and by failing to develop a 504-plan that provided I.S. with reasonable accommodations, the District discriminated against I.S. on the basis of disability by denying him equal access to the District's educational programs.

47. Additionally, the District's failure to provide reasonable accommodations, even after a 504-plan was written, discriminated against I.S. on the basis of disability by denying him equal access to the District's educational programs.

48. The District's failure to provide I.S. with reasonable accommodations caused I.S.'s academic performance to decline and resulted in failing grades, and I.S. failing the sixth grade.

49. The District's violation of Section 504 caused Plaintiff to suffer damages, including but not limited to psychological, emotional, and economic damages and attorney fees and costs in this action.

**SECOND CLAIM FOR RELIEF – Sex Discrimination in Violation of Title IX of the Education Amendments of 1972 – against Aspen School District**

50. Plaintiff realleges all other paragraphs as if fully set forth herein.

51. The District denied I.S. equal access to its educational benefits on the basis of his sex.

7

52. The District responded to the September 17, 2019 attack on I.S. by failing to suspend, expel, or appropriately discipline I.S.'s female attacker.  I.S.'s female attacker was permitted to remain in class with I.S. following the attack.

53. The District responded to the May 2020 violent death threats by failing to suspend, expel, or appropriately discipline the female perpetrator of the threats.

54. On information and belief, the District's responses to a female student violently attacking a male student and to a female student making violent death threats to a male student were more lenient towards the perpetrator than they would have been had the perpetrator been a male student and the victim been a female student.  The District took the September 2019 and May 2020 incidents less seriously than similar incidents perpetrated by a male student against a female student.

55. On information and belief, the District responds to similar violent attacks and violent threats with greater discipline, including suspension and expulsion, when the perpetrator is a male student and the victim is a female student.

56. The District's discriminatory responses to the September 2019 and May 2020 incidents resulted in I.S. being excluded from the District's educational programs and denied educational benefits.  I.S.'s academic performance declined, his mental, emotional, and physical health deteriorated, he failed sixth grade, and as a result of the District's inability to keep I.S. safe at Aspen Middle School, I.S. was forced to withdraw from the District and enroll in a private boarding school.

57. The District's violation of Title IX caused Plaintiff to suffer damages, including but not limited to psychological, emotional, and economic damages and attorney fees and costs in this action.

## REQUEST FOR RELIEF

58. Plaintiff requests that the Court enter judgment in his favor and against Defendant as follows:

   a. Awarding the Plaintiff's special damages for out-of-pocket expenses, expenses for medical and psychological treatment, and educational expenses in amounts to be established at trial;

   b. Awarding the Plaintiff general damages for emotional distress in an amount to be established at trial;

   c. Punitive damages, pursuant to 42 U.S.C. § 1981, 2000(e), in the maximum amount permitted by law;

   d. Awarding the Plaintiff statutory and reasonable attorney fees, litigation expenses, and costs incurred in this action;

   e. Awarding Plaintiff pre-judgment interest; and

   f. Awarding the Plaintiff any additional and further relief that the court finds equitable, appropriate, or just.

### *PLAINTIFF REQUESTS A JURY ON ALL ISSUES SO TRIABLE*

s/ Igor Raykin
Igor Raykin, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-767-1846
E-mail: igor@coloradolawteam.com
Attorney for Plaintiff

s/ Michael Nolt
Michael Nolt, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014

Phone: 720-588-9713
E-mail: michael@coloradolawteam.com
Attorney for Plaintiff